UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. WALKER,<br><br>                    Plaintiff,<br><br>             v.<br><br>MATTHEW B. DONOVAN,<br><br>                    Defendant. | Civil Action No. 19-cv-3784 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Col. (ret.) David B. Walker brought this case against Defendant Matthew P. Donovan, former Acting Secretary of the Air Force ("the Air Force"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Compl., ECF No. 1, ¶ 1. Before the court is Walker's Motion for Attorney's Fees. Pl.'s Mot. for Attorney's Fees ("Pl.'s Mot."), ECF No. 45. For the reasons set forth below, the court will DENY Walker's motion.

**I.   BACKGROUND**

The court previously summarized some of the background in this case in its Memorandum Opinion dated March 31, 2023. *See* Memorandum Opinion ("Mem. Op.") at 1–3, ECF No. 33. In short, on February 9, 2019, Walker submitted a FOIA request to the Air Force that would help him respond to an internal investigation, or "command action," against him. Compl. ¶ 19; Declaration of Verona Anderson ("Anderson Decl."), ECF No. 24-3, ¶ 4. The Air Force determined that Walker's case was still pending possible command action and denied his request in full under FOIA Exemption 7(A) because "it is Department of the Air Force Inspector General policy not to release any documents until command action is complete." Anderson Decl. ¶ 4. After Walker renewed his request on July 27, 2019, the Air Force informed him that although his request had

initially been denied pursuant to Exemption 7(A) due to the ongoing investigation, that investigation was complete, and his FOIA request would now be processed. Mem. Op. at 2; Compl., Ex. H, ECF No. 1-10.

The Air Force began processing and searching for records responsive to Walker's FOIA request. Verona Anderson, a paralegal specialist with the Air Force Inspector General Office's Senior Official Inquiries Directorate, searched for records responsive to Walker's request and finished redacting the documents in August 2019. Mem. Op. at 4; Anderson Decl. ¶ 5. On August 29, 2019, Walker appealed the initial denial of his FOIA request. Mem. Op. at 2. Sometime after, Anderson was instructed to stop processing Walker's FOIA request because of the pending appeal. Anderson Decl. ¶ 5. Having received no documents related to his request, Walker eventually filed the instant suit on December 19, 2019. Compl. at 1.

The court previously ruled on the parties' motions for summary judgment, *see* Mem. Op., leaving only the issue of attorney's fees for resolution. Walker requests an award of $189,980.90 for litigation fees incurred through June 18, 2024. Pl.'s Reply to Def.'s Mem. in Opp'n of Pl.'s Mot. for Attorney's Fees and Costs ("Pl.'s Reply"), ECF No. 50-1 at 12. The Air Force counters that Walker has failed to demonstrate that he is eligible for attorney's fees. Def.'s Mem. in Opp'n to Pl.'s Mot. for Attorney's Fees and Costs ("Def.'s Opp."), ECF No. 49. As explained below, the record shows that the Air Force is correct.

## II.     ANALYSIS

The Freedom of Information Act provides that courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). This language divides the attorney fee inquiry into two prongs, which the D.C. Circuit has long described as fee "eligibility"

and fee "entitlement." *Brayton v. Off. of the U.S. Trade Representative,* 641 F.3d 521, 524 (D.C. Cir. 2011) (citing *Jud. Watch, Inc. v. U.S. Dep't of Commerce,* 470 F.3d 363, 368–69 (D.C. Cir. 2006)).  The eligibility prong asks whether a plaintiff has "substantially prevailed" and thus "may" receive fees.  *Brayton*, 641 F.3d at 524 (internal quotation marks and citation omitted).  Under FOIA, a party has "substantially prevailed" by obtaining relief through either "a judicial order, or an enforceable written agreement or consent decree" or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  5 U.S.C. § 552(a)(4)(E)(ii)(I)–(II).

Walker's claim for eligibility rests on the second prong, known as the "catalyst theory." *Brayton*, 641 F.3d at 524 (internal quotation marks omitted).  He argues that his lawsuit caused the Air Force to release documents responsive to his FOIA request and that "clearly represents a voluntary or unilateral change in position by the agency." Pl.'s Mot. at 6 (internal quotation marks and citation omitted).  According to Walker, had he "never filed his complaint, he would have never received the relevant and disclosable documents that he now has in his possession." Pl.'s Reply at 7.

But the mere filing of a complaint and the subsequent release of documents, without more, is insufficient to establish causation. *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 97 (D.C. Cir. 2020).  The causation inquiry must consider "whether the agency upon actual and reasonable notice of the request, made a good faith effort to search out material and to pass on whether it should be disclosed." *Weisberg v. U.S. Dep't of Just.*, 745 F.2d 1476, 1496 (D.C. Cir. 1984).  The "causation requirement is missing when disclosure results not from the suit but from delayed administrative processing." *Short v. U.S. Army Corps of Engineers*, 613 F. Supp. 2d 103, 106 (D.D.C. 2009); *see also Codrea v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 272 F.

3

Supp. 3d 49, 53–54 (D.D.C. 2017) ("[A]n agency's delay in response until after a lawsuit is filed may be the result of factors having nothing to do with the filing of the lawsuit but instead with administrative delays."). Ultimately, the plaintiff bears the burden to show "that it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Grand Canyon Tr.*, 947 F.3d at 97.

Walker has not met this standard. While it is true (and the Air Force concedes) that documents were released *after* Walker filed his complaint, the record makes clear that the Air Force began processing Walker's FOIA request well before he initiated his lawsuit. *See, e.g.*, Anderson Decl. ¶ 4 (confirming that the Air Force began processing Walker's initial FOIA request upon receipt but that the request was ultimately denied under Exemption 7(A) due to the ongoing investigation). The court has already found that the Air Force appropriately applied Exemption 7(A) and then appropriately dropped the Exemption 7(A) assertion once the investigation concluded. Mem. Op. at 21. The Air Force then made a good faith effort to search for relevant material and decide whether it should be disclosed. Anderson Decl. ¶ 5 (noting that Anderson began searching for responsive documents once Walker's command action was finished and that redactions were complete by August 2019). Given that the relevant documents were already being collected and redacted before this case was filed, the court is not convinced that the Air Force released documents because of this litigation.

Walker also fails to show that the Air Force's eventual disclosure of the relevant documents was because of this litigation and not due to delayed administrative processing. After Walker appealed his FOIA request denial on August 29, 2019, the Air Force closed Walker's initial request and began to process his appeal. *See* Def.'s Opp. at 5–6. The Air Force has explained both in connection with the instant motion and throughout the litigation that the delays in its pre- and post-

4

litigation searches were due to its other duties, including processing Walker's FOIA appeal, "staffing issues and the press of other business in the Air Force Operations Agency FOIA office," *see* J. Status Rep., ECF No. 8, ¶ 4, and significant telework constraints during the COVID-19 pandemic. *See* J. Status Rep., ECF No. 9, ¶ 4. Walker has not convincingly shown that the Air Force did not intend to comply with his request absent the lawsuit or that Walker's lawsuit caused the release of the documents obtained. Based on the record in this case, Walker has not shown that the litigation caused a "change in position" by the Air Force, 5 U.S.C. § 552(a)(4)(E)(ii)(II), such that he "substantially prevailed," *id.* § 552(a)(4)(E)(i). He is therefore ineligible for attorney's fees.

### III.   CONCLUSION

For the foregoing reasons, Walker's motion for attorney's fees is DENIED.

Date: November 26, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge